UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS C. and PAMELA McINTOSH,     :

                Plaintiffs,    :     CIVIL ACTION NO. 1:06-CV-
                                       1080-LTS-RHW

       - against -       :

STATE FARM FIRE & CASUALTY CO. and :
FORENSIC ANALYSIS & ENGINEERING
CO., et al.,                 :

              Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**STATE FARM FIRE & CASUALTY COMPANY'S COMBINED STATEMENT OF
ISSUES IN DISPUTE REGARDING SUBPOENA *DUCES TECUM* TO CORI RIGSBY
AND KERRI RIGSBY PURSUANT TO LOCAL RULE 37.1(B)**

Pursuant to Rule 37.1(B) of the Local Rules of the United States District Court for the

Northern and Southern Districts of Mississippi, Defendant State Farm Fire & Casualty Company

("State Farm") hereby submits the following Combined Rule 37.1(B) Statement in further

support of State Farm's Motion to Compel.  In the interest of judicial economy and in order to

reduce redundancies, State Farm is submitting this Combined Rule 37.1 Statement because there

is significant overlap in the document requests served on Cori and Kerri Rigsby and their

respective objections thereto.  Specifically, Cori was served with a total of thirteen document

requests.  Twelve of those are identical to the document requests served on Kerri (albeit with

some variation in numbering).  The Sisters' respective objections to these twelve common

questions are also identical.  Thus, Section I will address the twelve common requests.  Section

II will address the one request served on Cori, but not Kerri. Section III will address the three requests served on Kerri, but not Cori.

## I.    DOCUMENT REQUESTS COMMON TO CORI AND KERRI RIGSBY

REQUEST NO. 1:

Please produce any and all documents including, but not limited to, state and federal tax returns (and all attachments or schedules filed with such returns, including Schedule A, Schedule C, Schedule E, and any other evidence of income), 1099 forms, paycheck stubs, etc. "Documents" includes both paper documents and documents in electronic format, including e-mails, documents stored on computer disks of any kind (floppy disks, CD-ROM, USB storage devices and similar electronic storage media) or documents stored in any other type of media (e.g., photographic copies or audiotape/dictated versions of documents which also exist or existed in paper format at any point in time from August 2005 to the present), cancelled checks, deposit slips, electronic or wire transfer receipts or statements, bank statements, or any other documents evidencing payments made to you by any source from July 1, 2005, through the date of the deposition.

SPECIFIC OBJECTION TO REQUEST NO. 1:

Request Number One is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 1:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. Cori and Kerri Rigsby's (the "Rigsby Sisters" or "Sisters") objections that this request is "overly broad," "unduly burdensome," and "irrelevant" are too general to satisfy the requirements of Rule 45 of the Federal Rules of Civil Procedure. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("[The objecting party] must have a valid objection to each [request] in order to escape the production requirement."); *Butler v. Bancorpsouth Bank*, C.A. No. 3:05 CV262 LS, 2006 U.S. Dist. LEXIS 80341 (S.D. Miss. Oct. 31, 2006) ("Defendant cannot evade its discovery responsibilities by 'simply inton[ing] this familiar litany' that the interrogatories are burdensome, oppressive or overly broad."); *Peoples Ben. Life Ins. Co. v. Dale*, C.A. No. 3:99-CV-537 BN, 2001 U.S. Dist. LEXIS 24699, at *24 (S.D. Miss. Feb. 16, 2001) ("[A] general objection based upon undue burden will not suffice, but that the objecting party must show the fallacies of each objected to request."); *see also* 7 MOORE'S FEDERAL PRACTICE, § 34.13 ("Generic, non-specific objections [to document requests] are improper. Moreover, a general claim of privilege is an inadequate response to a request."). This requirement applies with equal force to non-parties objecting to a subpoena. *See Keybank Nat'l Ass'n v. Tracey Heun Brennan & Co.*, Civil No. 05-4734 (RBK), 2005 U.S. Dist. LEXIS 31063, at *4 (D.N.J. Dec. 2, 2005) (Under Fed. R. Civ. P. 45, a non-party "asserting objections to a request for discovery bears the burden of demonstrating specifically how the request is vague or overly broad.").

Of course, Document Request No. 1 is not overly broad as it simply requests documents regarding Cori and Kerri Rigsby's income for a narrow time period. Counsel for the Plaintiffs have repeatedly described the Rigsby Sisters as material witnesses whose testimony they intend

to offer against State Farm. The bases for any allegations that the Rigsby Sisters might make are clearly relevant to this litigation. Here, the amount, sources, and timing of Cori and Kerri Rigsby's income are directly relevant to the litigation. The Sisters claim that they are being paid $150,000 to serve as "litigation consultants" for Plaintiffs' attorney, Richard Scruggs ("Scruggs") and his associates at the Scruggs Katrina Group (the "SKG") – an amount that they claim in media reports is "less than what they earned from their insurance jobs."[1] Having affirmatively made public statements regarding their income, the Sisters cannot now claim that State Farm is not entitled to documents to test the veracity of these statements.

Notably, even Scruggs claims that he does not know the details of Cori and Kerri Rigsby's retention by the SKG. *See* Transcript of Mar. 19, 2007 *Renfroe* Contempt Hearing ("*Renfroe* Hr'g Tr.") at 145:20-24.[2] Indeed, Scruggs does not even know if Cori and Kerri Rigsby are paid as independent contractors or employees, or even if they were still working for E. A. Renfroe and Company ("Renfroe") when they claim to have started working for the SKG. *Id.* Clearly, State Farm is entitled to discovery on these essential aspects of Cori and Kerri Rigsby's employment.

Moreover, it is not "unduly burdensome" to request documents that are generally retained by individuals as personal records. In fact, individuals are required by law to retain their tax returns and supporting documentation for a minimum of three years. *See* I.R.C. § 6001 (2007). This request in no way "harasses the witness" because the documents being sought are generally easy to access for most individuals, who must retain them for their personal records.

---

[1]  Michael Kunzelman, *Sisters Blew Whistle on Katrina Claims*, Assoc. Press, Aug. 26, 2006 (hereinafter, "Kunzelman") (attached as Exhibit 18 to Mem.).

[2]  All pertinent portions of the *Renfroe* Hr'g Tr. are attached hereto as Exhibit 15 to State Farm's Memorandum in Support of its Motion to Compel ("Memorandum" or "Mem.").

Finally, to the extent that the Rigsby Sisters claim that there was insufficient time to comply with the subpoena, Cori's own testimony shows that after she received the subpoena, she "sat on it for a couple of days." *See* Deposition of Cori Rigsby ("C. Rigsby Dep.") at 18:9-11.[3] Kerri did not bother to comply with the subpoena because her attorneys thought that the deposition would be put off. *See* Deposition of K. Rigsby ("K. Rigsby Dep.") at 20:19-21:2.[4] Surely, two individuals who were capable of organizing the printing and copying of approximately 15,000 pages of confidential State Farm documents over the course of one weekend could have complied with State Farm's document request if they had not "sat on it."

Cori and Kerri also testified they located some responsive documents that they did not bother to bring with them to their respective depositions. *See* C. Rigsby Dep. at 19:17-20:1; K. Rigsby Dep. at 22:25-23:1; 47:9-11; 84:22-24. And in the time that has elapsed since the Sisters' depositions, neither has made any attempt to mitigate their admitted failure to produce relevant documents. To date, neither Sister has produced a single responsive document; they should be compelled to do so.

**REQUEST NO. 2:**

Please produce any and all documents reflecting communications between you and attorney Richard Scruggs from August 2005 to the present including but not limited to, documents regarding your employment with the "Scruggs Katrina Group" (hereinafter "SKG"), the taking of information from State Farm, and communications regarding the McIntosh claim. If you claim that any of these documents are privileged, please provide a detailed privilege log

---

[3]    All pertinent portions of the C. Rigsby Dep. are attached hereto as Exhibit 2 to the Memorandum.

[4]    All pertinent portions of the K. Rigsby Dep. are attached hereto as Exhibit 3 to the Memorandum.

setting forth the date of each such document, its author, a brief but sufficient description of the contents of the document, and the particular privilege asserted.

## SPECIFIC OBJECTION TO REQUEST NO. 2:

Request Number Two is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. Cori [or Kerri] Rigsby also objects to this request to the extent that it is intended to request privileged communications. To the extent that Cori [or Kerri] Rigsby possesses privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile a privilege log.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 2:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

In addition, it is beyond debate that the documents regarding the Rigsby Sisters' employment with the SKG, the taking of information from State Farm, and communications regarding the McIntosh claim address core issues in this litigation, and Plaintiffs do not seriously contend otherwise. Rather, the Rigsby Sisters and their lawyers are attempting to erect a wall of secrecy around these key issues by invoking the attorney-client privilege and work product doctrine. These assertions are meritless.

First, the Rigsby Sisters have failed to provide a privilege log to support their claims of attorney-client and work product privilege. By its plain terms, Rule 45 requires that when a party resisting a subpoena claims attorney-client or work product privilege, "the claim shall be

made expressly and shall be supported by a description of the nature of the documents . . . that is sufficient to enable the demanding party to contest the claim." *See* Fed. R. Civ. P. 45(d)(2) (2007).

Here, the Rigsby Sisters' counsel acknowledged that they are required to provide State Farm with a privilege log and promised that they would do so. *See* K. Rigsby Dep. at 28:20-5. However, no such privilege log has been provided to date. On that ground alone, the Sisters' privilege objections should be overruled. *See In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) (A party that fails to submit a privilege log when withholding information subject to a subpoena on the basis that it is protected by privilege is deemed to waive the underlying privilege claim, whether the privilege asserted is attorney-client privilege or work product privilege.).

Finally, and most fundamentally, the pertinent case law makes it abundantly clear that where, as here, a lawyer strategically hires a material witness as a "trial consultant," or illicitly obtains an adverse party's documents, the right to claim a privilege is lost. Such conduct has been universally condemned by the courts because it threatens judicial integrity and the adversary process, violates numerous ethical rules and canons, and falls squarely within the crime-fraud exception to the attorney-client and work product privileges. *See* Mem. at 15-26.

## REQUEST NO. 3:

Please produce any and all documents reflecting communications between you and attorney Zach Scruggs from August of 2005 to the present including but not limited to, documents regarding your employment with SKG, the taking of information from State Farm, and communications regarding the McIntosh claim. If you claim that any of these documents are privileged, please provide a detailed privilege log setting forth the date of each such document,

its author, a brief but sufficient description of the contents of the document, and the particular privilege asserted.

**SPECIFIC OBJECTION TO REQUEST NO. 3:**

Request Number Three is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. Cori [or Kerri] Rigsby also objects to this request to the extent that it is intended to request privileged communications. To the extent that Cori [or Kerri] Rigsby possesses privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile a privilege log.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 3:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

With respect to the objection of privilege, *see* Reasons Supporting Motion to Compel Response to Request No. 2, ¶¶ 3-5.

**REQUEST NO. 4:**

Please produce any and all documents reflecting communications between you and SKG from August 2005 to the present including but not limited to, documents regarding your employment with SKG, the taking of information from State Farm, and communications regarding the McIntosh claim as well as any and all documents supplied by you to SKG or supplied to you by SKG or to any attorneys working with or in conjunction with SKG, including documents in electronic format as described in Request Number 1. If you claim that any of these

documents are privileged, please provide a detailed privilege log setting forth the date of each such document, its author, a brief but sufficient description of the contents of the document, and the particular privilege asserted.

**SPECIFIC OBJECTION TO REQUEST NO. 4:**

Request Number Four is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. Cori [or Kerri] Rigsby also objects to this request to the extent that it is intended to request privileged communications. To the extent that Cori [or Kerri] Rigsby possesses privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile a privilege log.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 4:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

With respect to the objection of privilege, *see* Reasons Supporting Motion to Compel Response to Request No. 2, ¶¶ 3-5.

**REQUEST NO. 5:**

Please produce any and all documents reflecting communications between you and your mother, Patricia Lobrano, from August 2005 to the present including but not limited to, documents regarding your employment with SKG, the taking of information from State Farm, and communications regarding the McIntosh claim.

## SPECIFIC OBJECTION TO REQUEST NO. 5:

Request Number Five is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents. To the extent that Cori [or Kerri] Rigsby possesses privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile a privilege log.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 5:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

With respect to the objection of privilege, *see* Reasons Supporting Motion to Compel Response to Request No. 2, ¶¶ 3-5.

The Rigsby Sisters testified that they were introduced by their mother, Patricia Lobrano, to Attorney Richard Scruggs in late February 2006.[5] According to the Rigsby Sisters, Scruggs and Lobrano were longtime friends. The Sisters claim Lobrano arranged for her daughters to meet with Scruggs after they told her about their concerns regarding State Farm's claims

---

[5]    C. Rigsby Dep. at 75:10-19; K. Rigsby Dep. 301:18-302:2.

handling procedures.[6]  Therefore, documents reflecting communications between the Sisters and Lobrano are clearly relevant and discoverable.

Although Cori Rigsby stated at her deposition that she does not believe that any responsive documents exist (*see* C. Rigsby Dep. at 34:3), she admits that she made no effort to search many of the locations where she may have stored responsive documents, including her garage and various mini storage units rented by her and her ex-husband.  *Id.* at 20:13-19.  Kerri also believes that she has no responsive documents.  *See* K. Rigsby Dep. at 32:24.  However, Kerri's efforts to locate and produce responsive materials were similarly haphazard.  *See* K. Rigsby Dep. at 19:17-20:3.  Thus, Cori and Kerri's respective testimony that they do not have documents reflecting communications between them and their mother, Patricia Lobrano, lacks any probative force.  The Sisters should therefore be ordered to conduct a diligent search of their homes, any storage units where responsive documents might be located, their friends' and parents' homes, their lawyers' offices, and any other possible repositories of materials responsive to the document requests attached to the subpoenas.

## REQUEST NO. 6:

Please produce any documents, including calendars, diaries, day planners, etc., which include references to your employment with Renfroe, State Farm assignments and/or your employment with SKG from August 2005 to the present.

## SPECIFIC OBJECTION TO REQUEST NO. 6:

Request Number Six is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is

---

[6]    K. Rigsby Dep. at 301:12-302:2.

not a party to the instant litigation. To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 6:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Documents regarding the Rigsby Sisters' employment at Renfroe and the SKG are relevant to core issues in this case. While at Renfroe, Kerri Rigsby supervised the adjustment of the McIntosh homeowners and flood insurance claims. *See* K. Rigsby Dep. at 220:23-25, 221:1-10. Indeed, counsel for the Plaintiffs have repeatedly described the Rigsby Sisters as material witnesses whose testimony they intend to offer against State Farm. The bases for any allegations that the Rigsby Sisters might make are clearly relevant to this litigation. Likewise, their activities in pilfering confidential information from State Farm bear significantly on their credibility, as does their work as "trial consultants" for the SKG. All documents reflecting communications by Kerri Rigsby regarding the McIntosh claims are therefore relevant and discoverable.

**REQUEST NO. 7:[7]**

Please produce any documents reflecting any expenses incurred in connection with the printing and/or copying of State Farm documents in June 2006, including receipts for paper purchased for use or used in printing and/or copying such documents, receipts for toner or inkjet cartridges purchased for use or used in printing and/or copying such documents, rental of any copying machines or printers for use or used in printing and/or copying such documents.

---

[7]    This request corresponds to Request Number Ten for Kerri Rigsby.

**SPECIFIC OBJECTION TO REQUEST NO. 7:**

Request Number Seven is unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, and designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 7:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

State Farm's document request is narrowly focused on obtaining receipts for expenses incurred in connection with what the Sisters have referred to as a "data dump" – a weekend event in which the Sisters enlisted the help of several friends and printed out or copied a total of some 15,000 pages of State Farm's documents and claim files, which they then handed over to Scruggs. Kerri Rigsby testified that she has no clear recollection of how they acquired the paper and other supplies to carry out the "data dump." *See* K. Rigsby Dep. at 49:25-53:24. Cori Rigsby admits that she bought three boxes of copy paper to make copies of State Farm documents during the "data dump," but claimed to be "drawing a blank" as to where she bought the paper, how much she paid for it, and what other supplies she purchased to facilitate the data dump. *See* C. Rigsby Dep. at 56:24-57:14. State Farm is clearly entitled to all documentary evidence – such as store receipts, credit card receipts, or checks – that will fill in the "blanks" in the Sisters' testimony.

Moreover, Cori and Kerri both claim that they were not reimbursed by the SKG or anyone else for any expenses that they incurred during the "data dump" weekend. C. Rigsby

Dep. at 50:7-16; K. Rigsby Dep. at 53:25-54:2. State Farm most assuredly is entitled to review any documentary evidence that could bear upon the veracity of this assertion.

## REQUEST NO. 8:[8]

Please produce any and all documents which you claim to support your allegations of wrongdoing by State Farm and/or any of its associates, independent adjusters and/or engineers in connection with the handling of Hurricane Katrina claims. If you claim that any of these documents are privileged, please provide a detailed privilege log setting forth the date of each such document, its author, a brief but sufficient description of the contents of the document, and the particular privilege asserted.

## SPECIFIC OBJECTION TO REQUEST NO. 8:

Request Number Eight is overly broad, unduly burdensome, irrelevant, requests information not in possession of Cori [or Kerri] Rigsby, is not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, is beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. To the extent that Cori [or Kerri] ever possessed State Farm documents that would be responsive to this request, she has not possessed such documents since July or August of 2006. Furthermore, such documents are covered by an injunction issued by Judge William M. Acker, Jr. of the Northern District of Alabama in CV-06-1752, *E. A. Renfroe & Company vs. Cori Rigsby Moran and Kerri Rigsby.* To the extent that Cori [or Kerri] Rigsby possesses privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile a privilege log.

---

[8]    This request corresponds to Request Number Eleven for Kerri Rigsby.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 8:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

With respect to the objection of privilege, *see* Reasons Supporting Motion to Compel Response to Request No. 2, ¶¶ 3-5.

Moreover, the Rigsby Sisters' objection based on Judge Acker's injunction is a red herring. *See* Mem. at 31-34. Contrary to the Sisters' assertion, State Farm is not requesting that they *produce* any documents subject to Judge Acker's injunction. Rather, State Farm seeks an order requiring them to conduct a diligent search so that Cori and Kerri can each: (i) state on the record in this case – under penalty of perjury and without equivocation – that she either has or does not have any of the 15,000 documents (or copies thereof) that are subject to Judge Acker's injunction; and (ii) produce all responsive documents not subject to the injunction. State Farm requests that the Rigsby Sisters be ordered to conduct a diligent search of their homes, any storage units where responsive documents might be located, their friends' and parents' homes, their lawyers' offices, and any other possible repositories of responsive documents and materials.

## REQUEST NO. 9:[9]

Please produce any and all documents retained by you since you ceased employment with E. A. Renfroe and Company which relate in any way to your former duties with E. A. Renfroe and Company, including training manuals, claims handling manuals, manual regarding estimation of damage to property, or any other type of manual related to your former duties with E. A. Renfroe and Company which have been in your possession at any time since you ceased employment with E. A. Renfroe and Company. If any such documents retained by you are no

---

[9]    This request corresponds to Request Number Twelve for Kerri Rigsby.

longer in your possession, please explain in detail what you did to dispose of such documents or whether you provided any such documents or copies of such documents to any other individual(s) and provide the name and address of any individual(s) to whom you provided such documents or copies of such documents.

## SPECIFIC OBJECTION TO REQUEST NO. 9:

Request Number Nine is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation.  To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 9:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Indeed, Cori Rigsby admits that it is possible that she might have documents responsive to State Farm's request "in the storage units and in the garage."  C. Rigsby Dep. at 51:23-52:16. And she testified that she would conduct a diligent search and produce all such documents.  *Id.* However, State Farm has not received any such documents to date.

Kerri Rigsby's effort to locate and produce responsive materials was similarly insufficient.  Although she claimed that she looked for documents in her house, she acknowledged that "it would be difficult to collect any of those documents [responsive to the

subpoena] because they are not there at that residence." K. Rigsby Dep. at 19:17-20:3. Therefore, her statement that she "got rid" of the documents responsive to this request (K. Rigsby Dep. at 67:1) is insufficient to meet her obligation under the Federal Rules. The Sisters should be ordered to conduct a diligent search and produce any responsive documents.

## REQUEST NO. 10:[10]

Please produce a list of any and all computers owned by you from August 2005 to the present date and a list of all e-mail accounts maintained by you either as personal e-mail accounts or for use in performing your duties as an employee of E. A. Renfroe and Company and then with SKG.

## SPECIFIC OBJECTION TO REQUEST NO. 10:

Request Number Ten is unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, requires Cori [or Kerri] Rigsby to create documents not otherwise in existence, and is designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 10:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Cori and Kerri Rigsby admit that they used their State Farm-issued computers to send State Farm's confidential information to their personal e-mail accounts, so that they could forward it to Scruggs for use in his cases against State Farm. *See* C. Rigsby Dep. at 45:21-46:12;

---

[10]    This request corresponds to Request Number Thirteen for Kerri Rigsby.

48:1-5; K. Rigsby Dep. at 38:6-39:11; 409:9-15.  This conduct is a clear violation of the "Access Agreement" that the Sisters entered into with State Farm, whereby they agreed to keep confidential all State Farm and State Farm policyholder information.  *See* Mem. at 5 and Exhibits 8-11 attached thereto.  It also "violated important and critical terms of their contracts with Renfroe."  Mem. Opinion and Preliminary Injunction, issued in *Renfroe* action on Dec. 8, 2006 (attached as Exhibit 1 to Mem.).

State Farm's request to produce a list of computers that the Sisters owned, and e-mail accounts that they had, for the period starting in August 2005, i.e., when the Sisters had access to confidential State Farm information, is narrowly tailored, likely to lead to relevant evidence, and in no way burdensome.

## REQUEST NO. 11:[11]

Please produce copies of all credit card statements for credit cards in your name or on which you are an authorized signatory from August 2005 to the present date.

## SPECIFIC OBJECTION TO REQUEST NO. 11:

Request Number Eleven is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, invades Cori [or Kerri] Rigsby's right to privacy, is beyond the scope of the issues of the instant litigation, and is designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation.  To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents.

---

[11]  This request corresponds to Request Number Fourteen for Kerri Rigsby.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 11:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

"[C]redit card statements are . . . discoverable if they are relevant to the general subject matter of this case and are likely to lead to the discovery of admissible evidence." *See Stokes v. Petroleum Helicopters*, C.A. No. 97-0508, 1998 U.S. Dist. LEXIS 8939, at *4 (E.D. La. June 12, 1998). This is such a case.

As noted above, the Rigsby Sisters admit that they downloaded and copied thousands of State Farm documents during the "data dump" weekend. *See* C. Rigsby Dep. at 56:24-57:14. Yet neither Sister can account for how they obtained the supplies to carry out the data dump. Kerri claimed to know nothing about how the supplies were acquired. K. Rigsby Dep. at 49:25-53:24. Cori similarly claimed to be "drawing a blank" as to whether she purchased supplies (other than three boxes of paper). *See* C. Rigsby Dep. at 56:24-57:14. State Farm is clearly entitled to the Sisters' credit card statements to fill in the "blanks" and test the veracity of their statements.

Moreover, the Rigsby Sisters have represented to the media that they took a tremendous financial risk by funneling State Farm's confidential documents to Scruggs for use in his cases. In a joint interview, Kerri claimed that "[o]ur whole lives are upside down" as a result of the actions they took. Kunzelman at 2. Cori added, "We don't know what the future is going to hold." *Id.* Whether the Sisters' spending habits are consistent with individuals whose "whole lives are upside down" bears significantly on their credibility, and is thus discoverable.

## REQUEST NO. 12:[12]

Please produce any and all documents, audio recordings, or video recordings evidencing communications between you and any media outlet including, but not limited to, television and radio, since August of 2005, regardless of the author.

## SPECIFIC OBJECTION TO REQUEST NO. 12:

Request Number Twelve is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Cori [or Kerri] Rigsby, who is not a party to the instant litigation. To the extent that Cori [or Kerri] Rigsby possesses non-privileged documents, audio recordings, or video recordings responsive to this request, because of the short time between the request and the deposition Cori [or Kerri] Rigsby has not yet been able to compile such documents.

## REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO REQUEST NO. 12:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

The Rigsby Sisters' claims of wrongdoing by State Farm have received a great deal of media attention. *See* Mem. at n.40, 43, 47 (citing print, television, and radio coverage). State Farm is entitled to documents and communications that are within the Sisters' actual or constructive possession regarding these articles and broadcasts. Indeed, the Rigsby Sisters' counsel agreed to provide State Farm's counsel with an unedited tape of the *20/20* broadcast that they received from ABC. *See* K. Rigsby Dep. at 84:17-25. However, State Farm has not

---

[12]    This request corresponds to Request Number Fifteen for Kerri Rigsby.

received this to date.  The Rigsby Sisters should be compelled to provide State Farm with the unedited *20/20* tape, as well as any other documents, statements, or recordings of which they have actual or constructive possession.

## II.     DOCUMENT REQUESTS THAT PERTAIN SOLELY TO CORI RIGSBY

### CORI REQUEST NO. 13:

Please produce any and all documents evidencing communications between you and any other person regarding this Defendant and/or its handling of Hurricane Katrina claims.

### SPECIFIC OBJECTION TO CORI REQUEST NO. 13:

[Cori] Request Number Thirteen is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Cori Rigsby, who is not a party to the instant litigation.  To the extent that Cori Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Cori Rigsby has not yet been able to compile such documents.

### REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO CORI REQUEST NO. 13:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Moreover, documents evidencing communications between Cori Rigsby and other persons regarding State Farm's handling of Hurricane Katrina claims are, on their face, highly relevant and undeniably discoverable.

### III.    DOCUMENT REQUESTS THAT PERTAIN SOLELY TO KERRI RIGSBY

### KERRI REQUEST NO. 7:

Please produce any and all documents (in whatever format, including paper or electronic format) reflecting communications between you and Mark Drain from August 2005 to the present.

### SPECIFIC OBJECTION TO KERRI REQUEST NO. 7:

[Kerri] Request Number Seven is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Kerri Rigsby, who is not a party to the instant litigation. To the extent that Kerri Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Kerri Rigsby has not yet been able to compile such documents.

### REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO KERRI REQUEST NO. 7:

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Mark Drain was a Renfroe manager who worked with Kerri Rigsby on State Farm claims. *See* K. Rigsby Dep. at 125:8-10. Kerri claims that he expressed some concerns regarding State Farm's handling of claims arising from Hurricane Katrina. *See* K. Rigsby Dep. at 124:19-125:15; 128:3-129:16. Because allegations of State Farm's alleged wrongdoing are at the crux of this case, State Farm is certainly entitled to review any documents reflecting communications with a person who, according to Kerri Rigsby's testimony, had some reservations regarding the same.

**KERRI REQUEST NO. 8:**

Please produce any and all documents reflecting communications between you and Rachel Fisher from August 2005 to the present.

**SPECIFIC OBJECTION TO KERRI REQUEST NO. 8:**

[Kerri] Request Number Eight is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Kerri Rigsby, who is not a party to the instant litigation. To the extent that Kerri Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Kerri Rigsby has not yet been able to compile such documents; however, to the extent Kerri Rigsby compiles such documents, they will be made available at a later time convenient to all counsel.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO KERRI REQUEST NO. 8:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. See Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Kerri Rigsby claims that Rachel Fisher was a friend and co-worker during the time that she worked on Hurricane Katrina claims for State Farm. *See* K. Rigsby Dep. at 353:24-354:2. Clearly, State Farm is entitled to all communications with Ms. Fisher that may or may not memorialize any concerns that Kerri may have had regarding State Farm's handling of Hurricane Katrina claims.

**KERRI REQUEST NO. 9:**

Please produce any and all documents reflecting communications between you and Tammy Hardison from August 2005 to the present.

**SPECIFIC OBJECTION TO KERRI REQUEST NO. 9:**

[Kerri] Request Number Nine is overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence in the instant litigation, beyond the scope of the issues of the instant litigation, requests information that could be obtained by or may already be in the possession of Defendant State Farm, and is designed to harass Kerri Rigsby, who is not a party to the instant litigation. To the extent that Kerri Rigsby possesses non-privileged documents responsive to this request, because of the short time between the request and the deposition Kerri Rigsby has not yet been able to compile such documents; however, to the extent Kerri Rigsby compiles such documents, they will be made available at a later time convenient to all counsel.

**REASONS SUPPORTING MOTION TO COMPEL RESPONSE TO KERRI REQUEST NO. 9:**

The objections to this subpoena request are merely boilerplate and insufficient to defeat it. *See* Reasons Supporting Motion to Compel Response to Request No. 1, ¶ 1.

Kerri Rigsby testified that Tammy Hardison was an adjuster on her team who worked on State Farm claims. *See* K. Rigsby Dep. at 127:4-7. According to Kerri, Ms. Hardison approached her with concerns regarding State Farm's handling of certain claims arising from Hurricane Katrina. *See* K. Rigsby Dep. at 126:24-128:1. Because allegations of State Farm's alleged wrongdoing are at the crux of this case, State Farm is certainly entitled to review any documents reflecting communications with a person who, according to Kerri Rigsby's testimony, had some reservations regarding the same.

-24-

WHEREFORE, State Farm respectfully request this Honorable Court to enter an Order overruling Cori and Kerri Rigsby's objections in their entirety and compelling them to comply with State Farm's document requests.

Dated: May 30, 2007                                    Respectfully submitted,

                                                       s / H. Benjamin Mullen
                                                       John A. Banahan (MSB #1761)
                                                       H. Benjamin Mullen (MSB #9077)
                                                       BRYAN, NELSON, SCHROEDER,
                                                         CASTIGLIOLA & BANAHAN
                                                       4105 Hospital Road, Suite 102-B
                                                       Pascagoula, Mississippi 39567
                                                       (228) 762-6631

                                                       Dan W. Webb (MSB #7051)
                                                       Roechelle R. Morgan (MSB #100621)
                                                       WEBB, SANDERS & WILLIAMS, PLLC
                                                       363 N. Broadway Street
                                                       Tupelo, Mississippi 38802-0496
                                                       (662) 844-2137

                                                       *Attorneys for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing State Farm's Combined Statement of Issues in Dispute Regarding Subpoena *Duces Tecum* to Cori Rigsby and Kerri Rigsby pursuant to Local Rule 37.1(B) with the Clerk of Court using the ECF system which sent notification of such filing to the following and further that I this day mailed, postage prepaid, a true and correct copy of the foregoing State Farm's Combined Statement of Issues in Dispute Regarding Subpoena *Duces Tecum* to Cori Rigsby and Kerri Rigsby pursuant to Local Rule 37.1(B) to:

Sidney A. Backstrom, Esquire          Larry G. Canada, Esq.
Zach Scruggs, Esquire                 GALLOWAY, JOHNSON, TOMPKINS,
Richard F. Scruggs                    BURR & SMITH
THE SCRUGGS LAW FIRM, P.A.            701 Poydras Street, Suite 4040
Post Office Box 1136                  New Orleans, LA  70139
Oxford, MS 38655

THIS the 30th day of May, 2007.


                                      s/H. Benjamin Mullen
                                      H. BENJAMIN MULLEN


**H. BENJAMIN MULLEN**
**MS BAR NO.:  9077**
**JOHN A. BANAHAN**
**MS BAR NO.: 1731**

BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN
Attorneys at Law
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS  39568-1529
Tele:  (228) 762-6631
Fax: (228) 769-6392
Email:  ben@bnscb.com