UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**THOMAS C. and PAMELA McINTOSH**                                        **PLAINTIFFS**


**V.**                                                            **CIVIL ACTION NO.1:06CV1080 LTS-JMR**


**STATE FARM FIRE & CASUALTY COMPANY,
FORENSIC ANALYSIS & ENGINEERING CO., and
E. A. RENFROE & COMPANY, INC.**                                          **DEFENDANTS**


## OPINION ON MOTION TO DISQUALIFY

      The Court has before it the motion of State Farm Fire and Casualty Company (State Farm) [221] to disqualify plaintiffs' counsel Richard Scruggs (Scruggs), his law firm, and other attorneys and law firms in the Scruggs Katrina Group from representing the plaintiffs in this action.  As a practical matter, the disqualification of counsel in this case would likely require disqualification of plaintiffs' counsel from representing any other State Farm policyholders in any action against State Farm for insurance benefits for property damage that occurred during Hurricane Katrina.  State Farm's motion asserts that disqualification is required by Scruggs's alleged violations of certain ethical rules.  All of the misconduct State Farm charges relates, in one way or another, to the relationship between Scruggs and the Scruggs Law Firm and two former employees of Defendant E. A. Renfroe and Company (Renfroe), Kerri and Cori Rigsby (Rigsbys).

      According to State Farm's motion, "since at least February 2006, Scruggs has had regular, unauthorized ex parte contact with two State Farm 'insiders,' Cori and Kerri Rigsby" who allegedly made unauthorized copies of documents relating to State Farm and Renfroe's claims adjustments following Hurricane Katrina and delivered those documents to Scruggs.  The actions of the Rigsbys in making the copies of these documents and Scruggs's receipt and handling of these documents is presently under the scrutiny of the United States District Court for the Northern District of Alabama. *E. A. Renfroe & Co., Inc. V. Moran, et al.*, Civil Action No. 06-AR-1752-S (N.D.Ala.2006) *aff'd* No. 06-16561 (11th Cir.2006).  There is also a criminal contempt proceeding pending against Scruggs in connection with these documents. State Farm alleges that by accepting these documents, communicating with the Rigsbys, and establishing an on-going relationship with the Rigsbys, Scruggs has violated applicable ethical rules and engaged in serious professional misconduct.  This motion asks the Court to disqualify Scruggs and his firm from this action and, as a practical result, from approximately 170 other actions in which Scruggs and his firm are presently

representing State Farm policyholders in property damage claims arising from Hurricane Katrina.

Because this motion has the potential to affect so many parties, the requirement that I take into consideration the public interest and assure that, to the extent practicable and reasonable, individuals are protected in their choice of counsel is particularly important. *Federal Deposit Insurance Corp. v. United States Fire Insurance Co.*, 50 F.3d 1304 (5th Cir.1995). The State Farm motion raises very serious ethical concerns, and the expert evidence submitted by both State Farm and Scruggs indicates that there is a substantial difference of opinion between the well-respected experts retained by each of the parties to state their respective views on these ethical issues.

State Farm has identified February 2006 as the date that Scruggs first engaged in the conduct State Farm contends to be unethical. By August 2006, the relationship between Scruggs and the Rigsbys was public enough to include an appearance on ABC's 20/20 television program. Thus, State Farm has known of this relationship and of its alleged impropriety for at least a year prior to the filing of this motion. During this time State Farm has defended hundreds of claims in which Scruggs represented State Farm's policyholders; State Farm and Scruggs have successfully negotiated mutually-satisfactory settlements in most of these cases; and State Farm has negotiated with Scruggs and his law firm in an attempt to fashion a class action settlement of all State Farm-Katrina property damage claims. Given this history between Scruggs and State Farm, I am at a loss to understand why State Farm has waited so long to invite the Court's attention to the issues raised in this motion. While State Farm's motion might be timely if this particular case were considered in isolation, I cannot close my eyes to the fact that State Farm has proceeded in hundreds of other similar cases without raising the issue of Scruggs's alleged misconduct and seeking his disqualification.

Since the time of the last group of settlements between State Farm and the claimants Scruggs and his firm then represented, a substantial number of State Farm policyholders have engaged Scruggs and his firm to represent them in their Katrina property damage claims, and approximately 170 of these new cases are now pending in this Court. I believe it is reasonable to infer that there has been a substantial expenditure of time and money by these claimants and by Scruggs and his firm in preparing to present the merits of these claims. Disqualification of Scruggs and his firm at this point would necessarily deprive these litigants of their choice of counsel and would put all of these State Farm policyholders back to square one in seeking a resolution of their insurance claims.

A motion to disqualify should be filed at the earliest practical opportunity. It is not permissible to hold this right to relief in reserve in order to assert the right at a tactically advantageous time and thereby put an opponent at an unfair disadvantage. *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So.2d 1205 (Miss.1996); *Abney v. Wal Mart,* 984 F.Supp 526 (E.D.Tx.1977); *See*: *Trust Corp. Of Montana v. Piper Aircraft Corp.*, 701 F.2d 85 (9th Cir.1983); *Central Milk Producers Cooperative v. Sentry Food Stores, Inc.*, 573 F.2d 988 (8th Cir.1978); *Concerned Parents of Jordan Park v. Housing Authority of*

*City of St. Petersburg, Fla*., 934 F.Supp 406 (M.D.Fla.1996); *Employers Ins. Of Wausau v. Albert D. Seeno Constr.* Co., 692 F.Supp. 1150 (N.D.Cal.1988).

I am of the opinion that regardless of the merits of State Farm's claims of misconduct on the part of Scruggs and his law firm in connection with the activities of the Rigsbys, a matter on which I express no opinion, State Farm's delay of over a year from the time it learned of these actions before raising the issue of disqualification constitutes a waiver of its claim that Scruggs and his firm should now be disqualified from further participation in this case or in similar Katrina property damage litigation.

Having seen firsthand the ability and the willingness of State Farm to work with Scruggs and his firm to reach reasonable settlements of the claims of State Farm policyholders during the past eighteen months, I am unwilling to now deprive many of the remaining State Farm claimants of their choice of attorney based on conduct that was known to State Farm and that State Farm has not seen fit heretofore to challenge.

Accordingly, I will deny the motion to disqualify Scruggs and his firm from representing the plaintiffs in this action, and I will not bar Scruggs or his firm from further participation in representing State Farm policyholders seeking property insurance benefits related to damage done in Hurricane Katrina.  This denial of State Farm's motion will be without prejudice to State Farm's right to pursue relief for the misconduct it has alleged in any other forum having the authority to reach the merits of its claims.

An appropriate order will be entered.

**DECIDED** this 12th day of September, 2006.

                                            s/ L. T. Senter, Jr.
                                            L. T. SENTER, JR.
                                            SENIOR JUDGE