**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THOMAS C. & PAMELA MCINTOSH**                                    **PLAINTIFFS**

**VERSUS**                                                              **1:06-cv-1080-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY;
FORENSIC ANALYSIS & ENGINEERING CORP.; and
E. A. RENFROE & COMPANY, INC., et al.**                              **DEFENDANTS**

**MOTION TO COMPEL CORI RIGSBY AND KERRI RIGSBY TO COMPLY WITH THIS COURT'S ORDER OF OCTOBER 1, 2007**

Defendant State Farm Fire and Casualty Company, by and through its counsel of record, moves the Honorable Court for an order compelling Cori Rigsby and Kerri Rigsby to comply with this Court's Order dated October 1, 2007 (Doc. 563), and to produce in their entirety the documents referenced in their privilege log at Numbers 5 and 6, and Bates numbered RIGSBY2901 - RIGSBY3108 and RIGSBY3109 - RIGSY3294, and in support thereof states as follows:

I.

In response to this Court's October 1 Order, Cori Rigsby and Kerri Rigsby ("the Rigsbys"), by and through counsel, produced a number of documents which they contend are responsive to certain requests for documents which accompanied the notices of deposition served on them on April 18, 2007.

II.

The Rigsbys' counsel sent a letter to the undersigned counsel commensurate with the

1

production of documents which contained a "privilege log" incorporated therein that itemized six (6) categories of documents that were withheld from production with various ostensible claims of privilege. *See* Exhibit "A" attached hereto. That privilege log is deficient and fails to comply with Rule 26(b)(5). *Cf.* October 1 Order at 4 ("As to any document claimed to be privileged, the Rigsbys shall provide a privilege log which meets the requirements of Rule 26(b)(5)(A)."). Rather than providing an appropriate privilege log on a document-by-document basis that complies with Rule 26(b)(5), the Rigsbys instead provide a collective single entry for what appears to be dozens of different documents. That does not suffice. For example, Local R. 26.1(A)(1)(c), specifically provides that "A party withholding information claimed privileged or otherwise protected shall submit a privilege log that contains at least the following information: name of *the* document; description of *the* document; date; author(s); recipient(s); and nature of the privilege." (Emphasis added.) The Rigsbys' privilege log does almost none of that and, thus, their failure "may be viewed as a waiver of the privilege or protection." *Id.; see also Nance v. Thompson Med. Co.*, 173 F.R.D. 178, 182 (E.D. Tex. 1997) ("Waiver of either the attorney-client privilege or the attorney work product privilege can . . . occur when a party fails to state a privilege objection in the 'privilege log' *as required under* Federal Rule of Civil Procedure 26(b)(5).") (emphasis added).

III.

As to Item 5 on the privilege log, the Rigsbys assert that documents that they collectively identify as "[a]n evidentiary disclosure consisting of emails and other documents concerning fraud by State Farm in the aftermath of Hurricane Katrina submitted to United States on or about April 24,

2

2006 (RIGSBY2901-RIGSBY3108)" are ostensibly subject to privilege because they relate to the Rigsbys' *qui tam* action, constitute attorney work-product, are shielded by the attorney-client privilege, and are subject to the so-called joint interest/joint prosecution privilege.

IV.

Beyond being improperly listed on the privilege log, the claims of privilege asserted by the Rigsbys as set forth in Paragraph III hereinabove are manifestly contrary to this Court's October 1 Order, wherein this Court noted that "the *qui tam* case is no longer under seal" and that "objections based upon the need to prevent disclosure of the *qui tam* action no longer pertain." *Id.* at 3. To this end, this Court specifically rejected the arguments the Rigsbys are now attempting to resurrect, and held that:

> This Court expressly holds that SKG's taking on representation of the Rigsbys, hiring them as "litigation consultants," and filing a *qui tam* lawsuit on their behalf should not, and will not, be allowed to transform everything they learned and the things they physically took from their employer into privileged information available only to SKG as their attorney and/or present employer. In defending itself in the present action, State Farm may fully explore the Rigsbys' knowledge of the McIntosh case and pertinent documents gained through their employment relationship with Renfroe/State Farm....

October 1 Order at 3. This Court further held that "State Farm is entitled to know the basis for the Ribsbys' charges of wrongdoing, and the Rigsbys are ordered to produce the requested documents within their actual or constructive possession." *Id.* at 5. Based on this Court's prior ruling, the claims of privilege by the Rigsbys as to these documents should be stricken, and the Rigsbys should be compelled to immediately produce documents RIGSBY2901 - RIGSBY3108.

V.

So, too, beyond improperly lumping various documents together under a single entry, the Rigsbys, in Item 6 of the privilege log, ostensibly claim that documents labeled bates numbers RIGSBY3109 - RIGSBY3294 *may* be subject to the injunction entered by the Honorable William Acker in the United States District Court for the Northern District of Alabama in a case styled *E.A. Renfroe & Co., Inc. v. Cori Rigsby, et al.* It is State Farm's understanding of Judge Acker's mandatory injunction that he ordered all documents subject to his injunction disgorged from the possession of the Rigsbys, their agents, and their attorneys. The fact that these documents have not been disgorged strongly suggests that they are not the subject of the injunction – or else someone may well be in contempt of Judge Acker's injunction – and State Farm is entitled to their production.

VI.

Counsel for State Farm has attempted in good faith to resolve this issue with the Rigsbys' counsel but to no avail. *See* Exhibits "B," "C," and "D" attached hereto. Additionally, the good faith certificate is attached hereto as Exhibit "E."

WHEREFORE, PREMISES CONSIDERED, State Farm respectfully moves this Honorable Court for an order compelling the Rigsbys to comply with this Court's October 1 Order, and to immediately produce the documents bates numbered RIGSBY2901 - RIGSBY3108 and RIGSBY3109 - RIGSBYS3294 and identified in their privilege log at Items 5 and 6 for the reasons

set forth herein.

          Respectfully submitted,

          BRYAN, NELSON, SCHROEDER
          CASTIGLIOLA & BANAHAN, PLLC
          Attorneys for Defendant,
          STATE FARM FIRE & CAS. CO.

          BY: s/H. Benjamin Mullen
              H. BENJAMIN MULLEN

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have this date electronically filed the foregoing Motion to Compel with the Clerk of Court using the ECF system which sent notification of such filing to:

All counsel of record.

THIS the 23rd day of October , 2007.

                                        s/H. Benjamin Mullen
                                        H. BENJAMIN MULLEN

**H. BENJAMIN MULLEN**
**MS BAR NO.: 9077**
**JOHN A. BANAHAN**
**MS BAR NO.: 1731**
BRYAN, NELSON, SCHROEDER, CASTIGLIOLA & BANAHAN
Attorneys at Law
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tele: (228) 762-6631
Fax: (228) 769-6392