UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS C. McINTOSH AND PAMELA McINTOSH                    PLAINTIFFS

V.                                    CIVIL ACTION NO. 1:06CV1080-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;                       DEFENDANTS
FORENSIC ANALYSIS & ENGINEERING CORP.;
E. A. RENFROE & COMPANY, INC.; AND
JOHN DOES 1-10

**ORDER**

This Order addresses Plaintiffs' [254] Motion for Judgment of Default against Defendant State Farm Fire & Casualty Company (State Farm); Plaintiffs' [255] Request for Entry of Default; and State Farm's [270] Motion to Set Aside Clerk's Entry of Default. Upon a review of the record, as set forth below, Plaintiffs' motion will be denied, State Farm's will be granted, and the Clerk's entry of default will be set aside.

Plaintiffs' original [1] Complaint named State Farm and Forensic Analysis & Engineering Corporation (Forensic) as the only defendants. Forensic filed its [5] Answer first, with State Farm [7] soon following. All of these filings occurred in October, November, and December, 2006.

In March, 2007, Plaintiffs [15] sought leave to file a First Amended Complaint to seek relief against an additional defendant, E. A. Renfroe and Company, Inc. (Renfroe). State Farm [25] opposed the request on the ground (among others) that "[t]he claims that Plaintiffs seek to add by the proposed amendment are materially different from those previously set forth in Plaintiffs' Complaint." Renfroe attempted a preemptive strike by [51] applying for limited intervention and opposing Plaintiffs' motion to file a first amended complaint. In essence, Renfroe claimed that being added to the litigation would be an exercise in futility and that a denial of Plaintiffs' motion would "prevent unnecessary complications . . .".

The United States Magistrate Judge, noting [193] (1) that "State Farm . . . did not so much oppose Plaintiffs' motion to amend the complaint as it urged amendment of the case management order to extend existing scheduling deadlines to accommodate the parties if such amendment were allowed," and (2) that Renfroe cited no authority for allowing intervention to defeat the purpose of the proposed amendment (indeed, Renfroe's interests could be adequately protected by pleadings responsive to the amended complaint), granted Plaintiffs' motion to amend and denied Renfroe's motion to intervene. The First Amended Complaint was filed [194]

the same day as the Magistrate Judge's order.

The summons for Renfroe was returned executed [201]; thereafter, both Forensic [206] and Renfroe [266] answered the Amended Complaint. State Farm filed a [221] Motion to Disqualify Plaintiffs' Counsel during this time period, but did not file its own Answer to the Amended Complaint until almost immediately after Plaintiffs' [254] Motion for Default Judgment as to State Farm and the [255] Motion for Clerk's Entry of Default. It should be noted that the Clerk [257] entered default in accordance with standard procedure, *see* Fed. R. Civ. P. 55, and bears no responsibility for State Farm's actions or inactions.

Under Rule 55, entry of default may be set aside "[f]or good cause shown." Plaintiffs [279] attempt to use State Farm's efforts to oppose the amended complaint in the first place by emphasizing State Farm's characterization of the amended complaint as "materially different from those [claims and allegations] previously set forth in Plaintiffs' Complaint" as evidence that the original and the amended complaints are not identical and warrant separate consideration as to whether a default judgment is appropriate as to State Farm for its failure to timely answer the amended complaint. While it is true that the amended complaint contains "new" allegations against State Farm, it is beyond dispute that the primary purpose of the amended complaint was to add Renfroe as a defendant, and that anything "new" is attached to the relationship between State Farm and Renfroe, much as the original complaint is based in part on the relationship between State Farm and Forensic. State Farm answered the original complaint, and even accepting for the sake of argument that an original defendant is not excused from answering an amended pleading, default judgment is too drastic a remedy and the Court prefers (as should the parties) a judicial decision on the case's merits. State Farm, upon being faced with Plaintiffs' request for a default judgment and entry of default, immediately filed its answer to the amended complaint. Under these circumstances, and the state of the record, there is no prejudice to Plaintiffs to allow State Farm's answer to the amended complaint to stand.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [254] Motion for Judgment of Default against State Farm is **DENIED**;

State Farm's [270] Motion to Set Aside Clerk's Entry of Default is **GRANTED**;

The [257] Clerk's Entry of Default is hereby **SET ASIDE**;

Plaintiffs' [255] Request for Entry of Default is **MOOT**.

**SO ORDERED** this the 26th day of October, 2007.

                                          s/ L. T. Senter, Jr.
                                          L. T. SENTER, JR.
                                          SENIOR JUDGE