UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS C. MCINTOSH AND PAMELA MCINTOSH                    PLAINTIFFS

V.                                         CIVIL ACTION NO. 1:06CV1080-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY,
FORENSIC ANALYSIS & ENGINEERING CORP.,
AND E. A. RENFROE & COMPANY, INC.                          DEFENDANTS

### ORDER

The Court has before it objections to orders entered by the United States Magistrate Judge.  The first objection [942] was filed by non-parties Cori and Kerri Rigsby (Rigsbys) to a December 14 Text Only Order with respect to a Motion to Quash a Subpoena *Duces Tecum* issued by defendant State Farm Fire & Casualty Company (State Farm) to AT&T Inc. (formerly Bellsouth), AT&T Mobility, LLC, and Cellular South Inc. for phone records.  Ancillary to this is a request [953] by the Rigsbys to intervene to protect privileges and seek review of the Magistrate's order.

The remaining objections (one [947] by Plaintiffs and the other [956] by two of their former lawyers, Richard and Zach Scruggs (Scruggses)) are aimed at an [911] Order denying a [453] Motion for Protective Order and a [453] Motion to Quash with respect to noticed video depositions and document requests.  The Scruggses have also filed motions related to their objections: a [958] Motion to Intervene for the Limited Purpose of Objecting to the Magistrate's Order and Moving for a Stay of that order; and a separate [957] Motion to Stay the Magistrate's [911] Order.  The Scruggses' depositions are noticed [924] [925] for January 15, 2008.

This Court considers the objections under the standard set forth in Fed. R. Civ. P. 72(a): any portion of the Magistrate's order shall be modified or set aside if it is found to be clearly erroneous or contrary to law.  The Rigsbys seek to prevent certain phone records from being obtained by State Farm, or at least limit the records that may be received.  Plaintiffs and the Scruggses object to depositions being given by the Scruggses.  They also raise concerns that the Magistrate's order is silent about what documents, if any, ought to be produced, and when such production should occur, as well as procedural issues surrounding the request for documents.

The United States Court of Appeals for the Fifth Circuit has observed that "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *In re: Terra International, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998)(citations omitted).  The Rigsbys do not meet this burden, as their claims are broad and general.  The phone records do not contain the substance of communications, but will show what phone numbers

were called and when the calls were made.  The Magistrate was correct in concluding that "[t]he subpoenas are limited to a relatively short time frame, and it appears that the information sought is relevant or may lead to the discovery of relevant evidence."  The Rigsbys fail to establish that the Magistrate's Text Only Order is clearly erroneous or contrary to law.

      Much of the argument with respect to the Scruggses' depositions hinges on their positions that what is involved is subject to the attorney-client privilege, that they are being deposed as "opposing counsel," and that their rights and defenses are jeopardized in a criminal contempt proceeding pending in Alabama.  Yet, as the Magistrate's [911] Order points out, it is difficult to determine at any stage of the proceedings exactly what roles the Scruggses were playing.  The example used by the Magistrate is the statement made at the depositions in April/May 2007 that Richard Scruggs was wearing "two hats"–one as the Rigsbys' lawyer and the other as their employer.  It appears from the record that Zach Scruggs did the same thing on at least one other occasion.  How all this connects with their representation of the Plaintiffs is also unclear.  This is why the Scruggses' depositions are appropriate–to ferret through this forest of relationships, especially in terms of the timing of various conduct and activity.  Whether substantive information is obtained is largely up to the deponents, who are represented by their own counsel on different fronts.

      However, the Court is concerned about the status of the documents that may be part of this exercise.  The Magistrate, faced with "the Scruggses' blanket claims of privilege as to the documents requested," declined to accept those claims and was not in a position to evaluate claims of privilege.  Still, the [911] Order does not address the issues surrounding the request for documents, including how it was made and its scope.  State Farm argues that these claims were not presented to the Magistrate until the rebuttal phase of the briefing on the original [453] motion and, therefore, have been waived.  By the same token, defendant Renfroe was allowed to file a rather belated joinder to State Farm's response to Plaintiffs' [453] motion to quash (the Court will not disturb the ruling on the motion to strike the joinder [715]).  And the fact remains that they were raised.  The Court is not convinced that this is a mere case of form/procedure over substance.  The better course is for these important issues to be resolved so that the depositions do not dissolve into confusion and a waste of time.  In short, while it is appropriate for the depositions of the Scruggses to be taken, there is no practical sense in the depositions being held at this time.

      Accordingly, **IT IS ORDERED:**

      The Rigsbys' [942] Objections to the December 14, 2007, Text Only Order of the United States Magistrate Judge are not well taken and are, therefore, **DENIED**, and the United States Magistrate Judge is hereby **AFFIRMED**;

      The Rigsbys' [953] Motion to Intervene to Protect Privileges and Object to the Magistrate's Order is **MOOT**;

      The Magistrate Judge's [911] Order is **AFFIRMED** as to the allowance of the Scruggses' depositions and the [715] Motion to Strike;

The Scruggses' [957] Motion to Stay the Magistrate Judge's [911] Order is hereby **GRANTED** to the extent that their depositions shall not take place until the documents' issues are resolved by the Magistrate, and this matter is referred to the Magistrate for further proceedings consistent herewith;

The rest of the related motions [947] [956] [958] are **MOOT**.

**SO ORDERED** this the 8th day of January, 2008.

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE