UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| THOMAS C. and PAMELA McINTOSH, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 1:06-CV-1080-LTS-RHW |
| - against - | : | |
| STATE FARM FIRE & CASUALTY CO. and FORENSIC ANALYSIS & ENGINEERING CO., et al., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION TO STRIKE AFFIDAVITS OF DEREK A. WYATT**

Defendant State Farm Fire and Casualty Company respectfully moves to strike the affidavits of Derek A. Wyatt (Docs. 1105-7 and 1106-23), and in support thereof, states as follows:[1]

1. On January 28, 2008, Derek A. Wyatt submitted to this Court two sworn affidavits under penalty of perjury in support of Plaintiffs' opposition to State Farm's and Defendant E.A. Renfroe's motions to disqualify Plaintiffs' counsel. These affidavits, which are dated January 16, 2008 and January 28, 2008, are attached hereto as Exhibits 1 and 2.

2. In its disqualification motion, State Farm demonstrated that Plaintiffs' lawyers acted unethically by attempting to hire engineer Brian Ford, who is a key material fact witness in this case, to do "consulting" work for them.

---

[1] State Farm respectfully requests that this Court waive the requirement of filing a separate brief in conjunction with the instant motion, as all authorities and arguments are cited herein.

3. Plaintiffs attempted to obscure the fact that their counsel offered money to a material witness in this case by proffering, *inter alia*, the Wyatt affidavits. But both of the Wyatt affidavits contain sworn statements that are demonstrably false – *i.e.*, that Wyatt never negotiated a consulting arrangement with Mr. Ford and never offered to pay him any money. Wyatt's January 28 affidavit unequivocally swears:

> ***I have never negotiated a consulting payment arrangement with Mr. Ford nor have I ever offered to pay Mr. Ford any money for any purpose.*** If any discussions occurred with Brian Ford concerning consulting arrangements, such discussions were between Mr. Ford and the Scruggs Law Firm.

Jan. 28 Aff. ¶ 22 (emphasis added).

4. The January 16 affidavit similarly and unequivocally swears:

> ***At no time did I offer Brian Ford any money***, much less the sum of "$10,000 a month to act as a "consultant" [sic] to the KLG on Katrina-related matters."
>
> * * *
>
> ***I was not authorized to negotiate "consultant" agreements with Brian Ford*** and did not enter into any such consultant agreements with Brian Ford.

Jan. 16 Aff. ¶¶ 6, 7 (emphasis added).

5. Contrary to these sworn statements, not only did Wyatt and others affiliated with the SKG travel to Mr. Ford's home in Georgia on May 20, 2006 to discuss Ford's retention as a "consultant" for the SKG, *see, e.g.*, Oct. 10, 2007 Dep. of B. Ford at 211:9-213:3,[2] but the e-mail correspondence between Wyatt and Ford also establishes conclusively that Wyatt: (i) repeatedly "negotiated a consulting payments arrangement with Mr. Ford;" (ii) was authorized to do so; and (iii) did, in fact, offer to pay Ford for his services. For instance, on August 8, 2006, Wyatt sent Ford an e-mail attaching material in a case captioned *Mullins v. State Farm Fire & Casualty Co.*, Civ. 06-0083 (S.D. Miss. filed Mar. 22, 2006). In Wyatt's cover e-mail to Ford, Wyatt wrote:

---

[2] Pertinent portions of Brian Ford's October 10, 2007 Deposition testimony are attached hereto as Ex. 3.

2

> I would like to talk to you about this matter. ***We can do this on the consulting terms that Dick Scruggs and I discussed with you in Georgia a while back.*** Please give me a call after you look this over. I also have another property that I need to send to you.

Aug. 8 2006 e-mail from D. Wyatt to B. Ford (Ex. 4) (emphasis added).

6. Later that day, Ford responded that he and Wyatt needed to finalize the terms of the consulting arrangement before Ford would review the *Mullins* material:

> ***Derek, I was waiting for our phone conversation to discuss consulting terms for this activity.*** I am unclear as to where I stand with the SKG.
>
> ***After your teams urgent visit to our house in May, I was under the distinct impression that SKG wanted me as a consultant, expert witness, highly placed insider, witness with valuable documentation, etc.***
>
> Darren Versiga called me as instructed by SKG on Monday following the above mentioned visit and quoted me a consulting range. I responded to Dickie with terms. I have not heard anything from SKG since then (except for your request on June 7 regarding the water borne debris case in which you requested name, address, phone number, etc; I have that information also).
>
> ***Please clarify my role and terms before I proceed with any consultation.***

Aug. 8, 2006 e-mail from B. Ford to D. Wyatt (Ex. 4) (emphasis added).

7. Wyatt wrote back to Ford the next day stating that he would contact his co-counsel, Richard Scruggs, and "will get back with you as soon as we get the details ironed out." Aug. 9, 2006 e-mail from D. Wyatt to B. Ford (Ex. 5). Wyatt further wrote that he was "very anxious to proceed on the Mullins case" because there was another case that involved Ford's former employer, Forensic Analysis & Engineering Corporation, that Wyatt wanted Ford to work on. *Id.*

8. Wyatt's pivotal and continuing role in negotiating a consulting arrangement with Ford is again highlighted by an e-mail he sent to Ford on October 21, 2006:

3

> Brian – I hope you and Carolyn are doing well. As I indicated in previous discussions, we need to retain you for consulting work on the aforementioned [*Mullins*] file. **If you would please give me a call next week, I'd like to get the details nailed down.**

Oct. 21, 2006 e-mail from D. Wyatt to B. Ford (Ex. 6) (emphasis added).

9. Notably, there is no chance that Wyatt's false statements in his affidavits can be attributed to faulty memory or the like. In fact, on January 11, 2008 – just five days before Wyatt signed his January 16 affidavit – Wyatt appeared on behalf of Plaintiffs at the continuation of Ford's deposition. At that deposition, and in Wyatt's presence, Ford authenticated each of the e-mails discussed and read them into the record. *See* Jan. 11, 2008 Dep. of B. Ford at 446:1-452:10.[3]

10. In light of Mr. Ford's testimony and Wyatt's own e-mails, Plaintiffs' submission of Wyatt's sworn affidavits categorically and affirmatively representing that Wyatt has "never negotiated a consulting payment arrangement with Mr. Ford" and has never "offered to pay Mr. Ford any money for any purpose" appears to be a fraud on the Court.

---

[3] Pertinent portions of Brian Ford's January 11, 2008 Deposition testimony are attached hereto as Ex. 7.

WHEREFORE, for these reasons, State Farm respectfully requests that this Court enter an order striking the affidavits of Derek A. Wyatt (Docs. 1105-7 and 1106-23) in their entirety, together with whatever further relief the Court finds is just and due.

Dated: February 6, 2008

Respectfully submitted,

*/s/ John A. Banahan*
John A. Banahan (MSB #1731)
H. Benjamin Mullen (MSB #9077)
BRYAN, NELSON, SCHROEDER,
  CASTIGLIOLA & BANAHAN
1103 Jackson Avenue
Pascagoula, Mississippi 39567
(228) 762-6631

Dan W. Webb (MSB #7051)
Roechelle R. Morgan (MSB #100621)
WEBB, SANDERS & WILLIAMS, PLLC
363 N. Broadway Street
Tupelo, Mississippi 38802-0496
(662) 844-2137

*Attorneys for State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

I, **JOHN A. BANAHAN**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record:

DATED, this the 6th day of February, 2008.

/s/ John A. Banahan
**JOHN A. BANAHAN**


**H. BENJAMIN MULLEN (9077)**
**JOHN A. BANAHAN (1731)**
BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC
Post Office Drawer 1529
Pascagoula, MS 39568-1529
Tel.: (228)762-6631
Fax: (228)769-6392