UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS C. and PAMELA McINTOSH**                                                           **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO.1:06CV1080 LTS-RHW**

**STATE FARM FIRE and CASUALTY COMPANY, and**
**FORENSIC ANALYSIS & ENGINEERING CO., and**
**E. A. RENFROE & COMPANY, INC.**                                     **DEFENDANTS**

### ORDER OF DISQUALIFICATION AND FOR THE EXCLUSION OF EVIDENCE

In accordance with the Memorandum Opinion I have this day signed, it is hereby

**ORDERED**

That the second motion [966] of State Farm Fire and Casualty Company and the motion [978] of E. A. Renfroe & Company, Inc., to disqualify the members of the Scruggs Katrina Group joint venture who are current counsel of record in this action, the Barrett Law Office, P.A.; Nutt & McAlister, P.L.L.C.; and the Lovelace Law Firm, P.A. , and to disqualify the associated firm of Hesse & Butterworth, P.L.L.C., (and other attorneys associated as counsel for the plaintiffs by these firms) are hereby **GRANTED**;

That these firms and any other associated counsel are hereby **DISQUALIFIED** from representing these plaintiffs or any other individuals who have claims against State Farm Fire and Casualty Company and against E. A. Renfroe & Company, Inc., for property damage sustained in Hurricane Katrina in this case and in any other cases in the United States District Court for the Southern District of Mississippi;

That Cori and Kerri Rigsby are hereby **DISQUALIFIED** as witnesses in any actions now pending on this Court's docket against State Farm or Renfroe in which the Scruggs Katrina Group or the Katrina Litigation Group has represented the plaintiffs; and

That any documents supplied by the Rigsby sisters to the Scruggs Katrina Group or the Katrina Litigation Group or its associates shall be **EXCLUDED** from evidence unless the plaintiffs can show that the documents were obtained through ordinary methods of discovery.

In all cases affected by this disqualification order, plaintiffs shall be allowed a period of forty-five days in which to retain new counsel or to inform the Court of their intention to proceed pro-se.  For good cause, this period may be enlarged at the discretion of the United States Magistrate Judge assigned to the case.  The plaintiff's failure to retain new counsel or to inform the court of their intention to proceed pro-se will make a case subject to this order eligible for dismissal without prejudice.  The attorneys subject to disqualification by the terms of this order shall send, via United States mail, postage prepaid, a copy of the opinion and order in this case to each client affected by this ruling.

In all cases affected by this disqualification order, new scheduling orders will be entered after new counsel has entered an appearance or the Court has been notified of the plaintiff's intention to proceed pro-se.

**SO ORDERED** this 4th day of April, 2008.

              s/ L. T. Senter, Jr.
              L. T. SENTER, JR.
              SENIOR JUDGE