## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**THOMAS C. and PAMELA McINTOSH**                                    **PLAINTIFFS**

**V.**                              **CIVIL ACTION NO.1:06CV1080 LTS-RHW**

**STATE FARM FIRE and CASUALTY COMPANY, and**
**FORENSIC ANALYSIS & ENGINEERING CO., and**
**E. A. RENFROE & COMPANY, INC.**                                    **DEFENDANTS**

### ORDER

In light of the order [1173] of disqualification entered in this action on April 4, 2008, it is hereby

**ORDERED**

That the emergency motion [490] of State Farm Fire & Casualty Company (State Farm) for clarification of the Court's September 12, 2007, order denying State Farm's motion to disqualify plaintiffs' counsel is **DENIED AS MOOT;**

That the motion [540] of the plaintiffs to use certain exhibits is **DENIED WITHOUT PREJUDICE** to the plaintiffs right to offer these exhibits if, consistent with the order [1173] of disqualification they can establish that the exhibits were obtained using the normal channels of discovery and the motion [1030] of State Farm to exclude the use of these exhibits is **GRANTED** subject to this same qualification;

That the motions [585] [757] [884] [903] [905] [934] [1127] [1146] [1151] of the parties for extensions of time to respond to motions, for leave to file pleadings under seal, for leave to file additional responses, to strike pleadings and other related procedural matters are **DENIED AS MOOT;**

That the motion [1010] of State Farm to preclude evidence of media reports regarding the Rigsby sisters is hereby **GRANTED**;

That the motion [1015] of State Farm to preclude the testimony of Kerri Rigsby (or any other witness) expressing a legal opinion or conclusion that fraud occurred in adjusting the plaintiffs' claim is **GRANTED**;

That the motion [844] of the plaintiffs for entry of an order designating certain testimony as the Rule 30(b)(6) testimony of State Farm is **DENIED**, there being no

showing that this testimony was offered by State Farm in response to a notice to the corporation under Rule 30(b)(6);

That the motion [850] of the plaintiffs to review the ruling [769] denying plaintiffs' motion to compel additional testimony from State Farm's in-house counsel Tamarra Rennick and for an expedited hearing on this motion is **DENIED**, there being no error of law or abuse of discretion on the part of the United States Magistrate Judge;

That the motion [985] of the plaintiffs in limine to exclude from evidence any mention of or reference to the allegedly unethical conduct of the plaintiffs' former attorneys is **CONDITIONALLY GRANTED**, and no attempt to introduce such evidence shall be made without first obtaining a ruling by the Court concerning its admissibility;

That the motion [986] of the plaintiffs in limine to exclude from evidence any mention of or reference to the fee dispute between the plaintiffs' former counsel, the criminal proceedings involving plaintiffs' former counsel, the criminal contempt proceeding against Richard Scruggs in Alabama, and the Alabama law suit styled Renfroe v. Rigsby is **CONDITIONALLY GRANTED**, and no attempt to introduce such evidence shall be made without first obtaining a ruling by the Court concerning its admissibility;

That the motion [987] of the plaintiffs to exclude from evidence any mention of or reference to the relationship between the plaintiffs and the Small Business Administration or BancorpSouth is **CONDITIONALLY GRANTED**, and no attempt to introduce such evidence shall be made without first obtaining a ruling by the Court concerning its admissibility;

That the motion [995] of the plaintiffs to continue and reset the trial of this action is **GRANTED,** and a new trial date and pre-trial conference date will be established by the Court;

That the motion [1002] of State Farm to prohibit parties, their attorneys, witnesses, and representatives from making extrajudicial statements about the trial of this matter is **DENIED**;

That the motions [1003] [1004] of State Farm for a phased trial in accordance with §11-1-65 Miss. Code Ann. (1972) is **GRANTED**, and the issue of punitive damages will be tried separately from the issue of actual damages, although plaintiffs may refer to punitive damages in the *voir dire* examination of the potential jurors;

That the motion [1005] of State Farm to exclude testimony in the form of legal opinions or testimony concerning the proper interpretation of the insurance contract at issue in this case is **GRANTED**, the interpretation of the policy being a matter of law;

That the motion [1006] of State Farm to exclude evidence relating to bulletins promulgated by the Mississippi Department of Insurance and correspondence between

State Farm and the Mississippi Department of Insurance is **DENIED**, and these matters may be admissible under the rules set out in *Killeen v. State Farm Fire & Casualty Co.*, 1:06cv649 reference [68];

That the motion [1007] of State Farm to exclude from evidence reference to any grand jury proceedings or government investigation of the actions of State Farm following Hurricane Katrina is **GRANTED**, any probative value of such evidence being substantially outweighed by the danger it presents of unfair prejudice;

That the motion [1011] of State Farm to exclude evidence concerning Mississippi Senate Concurrent Resolution 574 concerning the Rigsby sisters is **GRANTED**;

That the motion [1014] of State Farm to establish that the plaintiffs' receipt of flood insurance benefits constitutes a judicial admission that flood damage occurred and precludes the plaintiffs' denying that at least the amount of damage represented by the flood insurance payment was caused by flooding is **GRANTED**, consistent with the rule established in *Gemmill v. State Farm Fire & Casualty Co.*, 1:05cv 962; *Mills v. State Farm Fire & Casualty Co.*, 1:07cv73, 2007 WL 1514021; and *Robichaux v. Nationwide Mut. Ins. Co.*, 1:06cv1165;

That the motion [1068] of State Farm to withdraw the trial subpoena served on John Jones is **GRANTED**;

That the motion [1032] of E. A. Renfroe & Company to exclude from evidence any reference to any governmental investigation of its post-Hurricane Katrina conduct is **GRANTED**, the probative value of such evidence being substantially outweighed by the risk of unfair prejudice;

That the motion [1042] of E. A. Renfroe & Company to exclude from evidence any reference to settlements made by it or by State Farm with individuals who are not parties to this litigation is hereby **GRANTED**;

That the motion [1137] of State Farm to strike the affidavit of Derek A. Wyatt is **DENIED AS MOOT** in light of the Court's order of disqualification;

That the motions [806] [808] [810] [815] [817] of State Farm to exclude the testimony of expert witnesses identified by the plaintiffs are **DENIED WITHOUT PREJUDICE** to State Farm's right to renew its motions, by filing a notice of the renewal of the motion and **without** refiling the motions and supporting memoranda, in the event the same experts are identified by the plaintiffs after they retain new counsel;

That the motion [861] of the plaintiffs seeking an order excluding evidence of the damage sustained by properties that are not in close physical proximity to the plaintiffs' residence is **DENIED WITHOUT PREJUDICE** to the right of the plaintiffs to renew their motion up to ten days before the pre-trial conference identifying specifically the documents, photographs, or other items of evidence it is asking the Court to exclude;

That the motion [895] of the plaintiffs seeking to exclude the testimony of certain State Farm representatives (Lecky King, Dave Randel, and Lisa Wachter) who declined to testify by deposition in reliance upon their Fifth Amendment privilege against self-incrimination and seeking an order to establish the admissibility of the videotapes of these depositions is **DENIED WITHOUT PREJUDICE** to the right of the plaintiffs to renew their motion up to ten days before the pre-trial conference in the event State Farm does not notify the plaintiffs' counsel within thirty days of the date of this order that the witnesses will waive their Fifth Amendment privilege and give their deposition testimony; in the event State Farm notifies the plaintiffs of such a waiver, plaintiffs will be allowed a reasonable time after receiving this notification to take the deposition testimony of these individuals if they choose, and the period of discovery shall be extended to allow time for these depositions to be taken if necessary; the motion [1012] of State Farm for entry of an order precluding the plaintiffs' use of the depositions of Lecky King and Lisa Wachter is also **DENIED WITHOUT PREJUDICE**;

That the motion [1013] of State Farm to exclude from evidence engineering reports generated during the adjustment of claims for other State Farm policy holders is **DENIED WITHOUT PREJUDICE** to the right of State Farm to renew its motion prior to the pre-trial conference in the event plaintiffs list any such engineering reports as exhibits to the pre-trial order; if plaintiffs intend to use any such reports in the cross-examination of any State Farm representative or in the cross-examination of any individual or representative of any firm employed by State Farm to adjust or evaluate claims following Hurricane Katrina, or if plaintiffs intend to otherwise use any such report, plaintiffs shall give State Farm written notice of this intention not later than ten days before the pre-trial conference so that State Farm may then bring this issue to the attention of the Court prior to trial.

**SO ORDERED** this 14th day of April, 2008.

                                                                 s/ L. T. Senter, Jr.
                                                                 L. T. SENTER, JR.
                                                                 SENIOR JUDGE