UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


THOMAS C. McINTOSH AND PAMELA McINTOSH                               PLAINTIFFS

V.                                           CIVIL ACTION NO. 1:06CV1080-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;                                  DEFENDANTS
FORENSIC ANALYSIS & ENGINEERING CORP.;
AND E. A. RENFROE & COMPANY, INC.; AND
JOHN DOES 1-10


**ORDER**

      On April 4, 2008, this Court issued a Memorandum Opinion [1172] and Order [1173] in this cause of action disqualifying specific law firms and lawyers who are members of a joint venture and who served as counsel on behalf of numerous plaintiffs in Hurricane Katrina litigation against one or more of the following defendants: State Farm Fire & Casualty Company (State Farm), E. A. Renfroe & Company, Inc. (Renfroe), and Forensic Analysis & Engineering Corp. (Forensic). Disqualification orders have been entered in all other affected cases.

      The Order [1173] entered in the instant case refers to and includes "other attorneys associated as counsel for the plaintiffs by these firms" and "any other associated counsel." The Court intentionally used broad language because it was unclear to what extent other lawyers were involved in this and other litigation who might argue, for example, that they had never entered a formal appearance on behalf of plaintiffs and, thus, are eligible to represent one or more of them. Whether appearing or not, actual participation in or connections to this or other litigation are major concerns for the Court.

      Presently before the Court is a [1176] motion to clarify the [1172] opinion and [1173] order filed by the Mobile, Alabama, law firm of Taylor-Martino, P.C. (Taylor-Martino), which is unsure of the scope of the Court's ruling. Although State Farm attempts to argue that Taylor-Martino lacks standing to petition the Court in this matter, at the same time it [1177] "further requests that the Court require any substitute attorneys to provide full disclosure to the Court of any past relationship with the SKG [Scruggs Katrina Group]/KLG [Katrina Litigation Group] (which would lead to automatic disqualification) and to disclose any arrangement, written or otherwise, that could lead to the sharing of any fees with the KLG (which would also require disqualification)."

      In going ahead with the motion to clarify, it appears to the Court that Taylor-Martino is attempting to provide full disclosure. It is the Court's opinion that this law firm should be commended for exhibiting an abundance of caution before possibly running afoul of the Court's

decision. While the particular plaintiffs in this cause of action may have already retained new counsel, most others have not. It is necessary that the Court consider such requests on a case-by-case basis. However, upon a review of the submissions, Taylor-Martino's motion will be denied to the extent of the relief it seeks.

Plaintiffs' original [1] Complaint named State Farm and Forensic as the only defendants. The complaint is based in part on the relationship between State Farm and Forensic, both of which remain as parties. In March 2007, Plaintiffs [15] sought leave to file a First Amended Complaint to seek relief against Renfroe, aimed at State Farm's connection to that additional defendant.

In some causes of action before this Court, plaintiffs' disqualified counsel also named Forensic as a defendant, but later voluntarily dismissed it as a party. Interestingly, State Farm has moved to compel the production of the Forensic/KLG settlement agreement. *Willis v. State Farm Fire & Casualty Co.*, No. 1:07cv1109 (docket entry [51]). It should also be pointed out that there are similar cases against State Farm pending before at least two other district judges in the Southern District. The primary one is *Shows v. State Farm Fire and Casualty Co., et al.*, No. 1:07cv709 (Judge Barbour), in which Renfroe is a defendant, also. *Shows* alleges RICO violations against State Farm and Renfroe; once again, Forensic has been dismissed and is no longer a party. In addition, Judge Ozerden recently ordered disqualification in *Kreeger v. State Farm Fire and Casualty Co.*, No. 1:07cv1134 (docket entry [26], following this Court's language).

Turning to the relevant circumstances surrounding Taylor-Martino's request, the Court believes that their participation will create unnecessary complications and will perpetuate an appearance of impropriety. By their own admission [1176], they appeared as local counsel in Alabama on a discovery issue in *Shows* and assisted one of plaintiffs' disqualified counsel in those proceedings. More importantly, that same member of Taylor-Martino "traveled to North Carolina to interview a possible witness from Forensic Engineering." This activity is not the entire extent of their participation in these cases or connection with these counsel, but by these facts alone, there is sufficient involvement in State Farm Katrina litigation cases to qualify Taylor-Martino as "other attorneys associated as counsel for the plaintiffs by these [disqualified] firms."

Accordingly, **IT IS ORDERED**:

Movant Taylor-Martino's [1176] Motion to Clarify this Court's Memorandum Opinion and Order of Disqualification is **DENIED** to the extent that Taylor-Martino and its lawyers seek to be allowed to represent plaintiffs addressed in said opinion and order;

Taylor-Martino and its lawyers are included as "any other associated counsel" and as "other attorneys associated as counsel for the plaintiffs by the[...] [disqualified] firms" as contemplated by the [1172] opinion and [1173] order; therefore, they are within the scope of the Court's order of disqualification as well.

**SO ORDERED** this the 15th day of April, 2008.

                                                    s/ <u>L. T. Senter, Jr.</u>
                                                    L. T. SENTER, JR.
                                                    SENIOR JUDGE