UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS C. and PAMELA McINTOSH**                                     **PLAINTIFFS**

**V.**                                      **CIVIL ACTION NO.1:06CV1080 LTS-RHW**

**STATE FARM FIRE and CASUALTY COMPANY, and**
**FORENSIC ANALYSIS & ENGINEERING CO., and**
**E. A. RENFROE & COMPANY, INC.**                                     **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [801] of E. A. Renfroe & Company, Inc. (Renfroe) for summary judgment and the motion [802] of State Farm Fire & Casualty Company (State Farm) for partial summary judgment on the plaintiffs' claim of fraud.

Plaintiffs Pamela and Thomas McIntosh's home at 2558 South Shore Drive, Biloxi, Mississippi, was extensively damaged during Hurricane Katrina. Plaintiffs' home was insured under State Farm homeowners policy number 24-BX-4847-7 with coverage limits of $619,600 (dwelling), $61,900 (dwelling extension), $464,700 (personal property) and coverage for loss of use. Plaintiffs also had flood insurance coverage through State Farm with limits of $250,000 (dwelling) and $100,000 (contents). The State Farm homeowners policy excludes coverage for flood damage.

After the storm the plaintiffs notified State Farm of the storm damage to their home and made a claim for insurance benefits. Renfroe inspected the plaintiffs' property, and State Farm paid the plaintiffs the policy limits of their flood coverage. State Farm also paid $36,228.37 for wind damage and declined plaintiffs' demand for additional benefits under their homeowners policy.

The parties differ on the issue of how much wind damage occurred during the storm, and how much State Farm owes the plaintiffs for this damage. State Farm hired Renfroe as its adjustor to inspect the damage to the insured property and determine the extent of damage covered by the two State Farm policies. This determination would establish how much State Farm owed the plaintiffs under both the flood policy and the homeowners policy. Renfroe's representatives requested the assistance of an engineer in assessing the storm damage, and State Farm hired Forensic Analysis & Engineering Corporation (Forensic) to make an engineering assessment. In the course of the work assigned to it, Forensic representatives prepared an initial report (on October 12, 2005) and a second report (on October 20, 2005) concerning the cause and extent of the damage to the plaintiffs' home.

Plaintiffs have charged State Farm with fraud and Renfroe with "aiding and abetting" State Farm's fraudulent misconduct.  Plaintiffs also allege that Renfroe breached a "duty of undivided loyalty" Renfroe owed to the plaintiffs.  These motions raise the issue whether there is a sufficient legal basis, given the facts the plaintiffs have alleged, to enable the plaintiffs to sustain their allegations of fraud (and "aiding and abetting" fraud), and whether there is a sufficient legal basis to support a claim based on Renfroe's "duty of undivided loyalty" asserted by the plaintiffs.

Under F.R.Civ.P. 56, judgment as a matter of law may be granted where the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  In this instance, I will accept the plaintiffs' allegations, and I will grant the plaintiffs all reasonable inferences favorable to their cause of action against State Farm for fraud and against Renfroe for "aiding and abetting" fraud.

**Plaintiffs' Assertion that Renfroe owed them "A Duty of Undivided Loyalty"**

Plaintiffs assert that Renfroe owed the plaintiffs a "duty of undivided loyalty." The plaintiffs contend that this duty arises from certain provisions of the Renfroe "Code of Conduct" that was applicable to the conduct of Renfroe employees at all relevant times:

### *CODE OF CONDUCT*

*RENFROE expects employees to conduct the business of RENFROE in an ethical and legal manner, and to recognize that in all their transactions and at all times they have a duty of undivided loyalty to RENFROE, our clients, and their customers.  These obligations demand positive action by all employees to protect those interests and to avoid situations where their self-interests actually or even appear to conflict with the interests of RENFROE, our clients, and their customers.*
(Exhibit B to Plaintiffs' Opposition to the Motion for Summary Judgment of E. A. Renfroe & Company)

A fair reading of the Renfroe Code of Conduct does not, in my opinion, establish the duty the plaintiffs are relying on.  The duty described in this document runs not to one interest, but to three: Renfroe, Renfroe's clients (in this instance State Farm), and the clients' customers (including, in this instance, the plaintiffs).  Thus this duty is not, by definition, undivided, despite the use of that descriptive term in the code provision at issue.  The duty of loyalty described in the Renfroe Code of Conduct prohibits Renfroe employees from acting in their own self interest or otherwise acting against the interests of Renfroe, Renfroe's clients, and the clients' customers.  I disagree with the plaintiffs' contention that this Code of Conduct establishes, for Renfroe employees including adjustors, a near-fiduciary duty to the plaintiffs.  The duty of an insurance adjustor with respect to an insured is to avoid gross negligence, to act without malice, and to act

without reckless disregard for the rights of the insured. *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777 (Miss. 2004).

This issue was recently before the Court in *Gagne v. State Farm Fire & Casualty Company, et.al*, 1:06cv711 LTS-RHW.  There the Court observed that under applicable Mississippi law, an independent adjustor does not owe the insured a fiduciary duty, a duty to act in good faith, or even a duty of reasonable care.  *Bass v. California Life Insurance Co.*, 581 So.2d 1087, 1090 (Miss. 1991).  While the adjustor's principal (in this case State Farm) owes the insured a duty of good faith and a duty of reasonable care, and may be vicariously liable for the acts of the adjustor, the legal relationship between the adjustor and the insured is more attenuated.  An independent adjustor has a duty to investigate all relevant information and must make a realistic evaluation of a claim, but the adjustor is not liable to the insured for acts or omissions that amount to only simple negligence.  The Renfroe Code of Conduct does nothing, in my opinion, to alter the legal duty of an adjustor to the insured under Mississippi law.

### The Allegations of Fraud

Plaintiffs allege that State Farm committed actionable fraud in the handling of the plaintiffs' claim.  Plaintiffs primarily rely on their contention that State Farm ordered two engineering reports from Forensic in an effort to dishonestly minimize its liability to the plaintiffs rather than for any legitimate reason.

Under Mississippi law, fraud has the following essential elements: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) the speaker's intent that the representation be acted upon by the hearer and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on the representation's truth; 8) the hearer's right to rely thereon; and, 9) the hearer's consequent and proximate damages*.  Gallagher Bassett Services, Inc. v. Jeffcoat,* 887 So.2d 777 (Miss. 2004).

Plaintiffs contend that State Farm, acting through Renfroe and Forensic, deliberately underestimated the amount of wind damage the insured property sustained in order to minimize its liability under the plaintiffs' homeowners policy.  While this allegation, if sustained, would support a finding of bad faith, it is not sufficient to support an allegation of fraud.  Fraud requires reasonable reliance on a misrepresentation, and the plaintiffs have not relied upon State Farm's evaluation of their claim.  Indeed plaintiffs have brought this lawsuit in an effort to establish that State Farm has underestimated the wind damage to the insured property.  Although plaintiffs may prevail on the merits of their claims for additional policy benefits and other extracontractual damages, including punitive damages if they establish bad faith on the part of State Farm or its agents, in the absence of any evidence that the plaintiffs relied upon State Farm's damage assessment I can see no basis for a claim of fraud.

It follows that Renfroe cannot have "aided and abetted" a fraud that did not occur.  Accordingly, I will grant both Renfroe and State Farm a partial summary

judgment dismissing the plaintiffs' claims of fraud and "aiding and abetting."  I will also grant Renfroe a partial summary judgment dismissing the plaintiffs' claim for breach of "a duty of undivided loyalty."

    An appropriate order will be entered.

**DECIDED** this 21st day of April, 2008.

                      s/ L. T. Senter, Jr.
                        L. T. SENTER, JR.
                        SENIOR JUDGE