UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS C. McINTOSH AND PAMELA McINTOSH                                PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:06CV1080-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY;                                    DEFENDANTS
FORENSIC ANALYSIS & ENGINEERING CORP.;
AND E. A. RENFROE & COMPANY, INC.; AND
JOHN DOES 1-10

## **ORDER**

The first opportunity this Court had to address the scope of its Memorandum Opinion [1172] and Order [1173] entered in this cause of action is in its order [1183] dated April 16, 2008, which includes the following excerpt:

> The Order [1173] entered in the instant case refers to and includes "other attorneys associated as counsel for the plaintiffs by these firms" and "any other associated counsel." The Court intentionally used broad language because it was unclear to what extent other lawyers were involved in this and other litigation who might argue, for example, that they had never entered a formal appearance on behalf of plaintiffs and, thus, are eligible to represent one or more of them. Whether appearing or not, actual participation in or connections to this or other litigation are major concerns for the Court.

The Court also determined that it is necessary to consider requests for relief from this order on a case-by-case basis.

The Court has before it another [1188] motion to clarify the [1172] opinion and [1173] order, this time filed by the Biloxi, Mississippi, law firm of Lumpkin & Reeves, PLLC (Lumpkin), which argues that it is not within the Court's ruling on attorney disqualification. Upon a careful review of the submissions, the Court disagrees, and the relief Lumpkin's motion seeks will be denied.

Attached to the motion to clarify are virtually identical affidavits signed by Lumpkin's partners and principal shareholders. As pointed out in defendant E. A. Renfroe and Company, Inc.'s [1189] response, Lumpkin's motion (and, for that matter, the briefs and affidavits) "provides such scant details with respect to the nature of the firm's association with the K[atrina] L[itigation] G[roup] that one simply cannot ascertain the full extent of the relationship." Indeed, while there is enough in the motion and its supporting materials to raise questions about

Lumpkin's association with the directly-affected disqualified counsel, what is omitted is more telling.

There are two glaring omissions. The first is Lumpkin's representation that he attended a deposition of one of the disqualified counsel's clients. That is true enough as far as it goes, but it is not until the remaining defendants' responses ([1189] and [1190]) were filed that the Court learned that the deposed client is one of the parties in *Shows v. State Farm Fire and Casualty Co., et al.*, No. 1:07cv709 (Judge Barbour), which alleges RICO violations against State Farm and Renfroe founded upon the testimony and documents secured from former Renfroe employees Cori and Kerri Rigsby. The second omission is related to Lumpkin's assertion, in connection with the same deposition, that he "appeared . . . and identified himself." What is not stated is that the deposition transcript clearly reveals not only that the title page shows Lumpkin appearing on behalf of the plaintiff (which alone might be innocent enough), but that when the videographer requests the attorneys to announce their appearances for the record, Lumpkin identifies himself as "Mark Lumpkin for the Plaintiff." Then later, before engaging with other counsel in a discussion of a point raised during the deposition resulting in a conference with the Magistrate, Lumpkin again identified himself as appearing "also on behalf of the *Plaintiffs*." (Emphasis added).

Of course, shortly after this Court's first [1183] clarification order in the instant case, Judge Barbour entered his own order (docket entry [354]) in *Shows* disqualifying certain named firms and attorneys along with "all lawyers associated with these entities . . . ." This Court's [1173] order extended to "other attorneys associated as counsel for the plaintiffs by these firms" and "any other associated counsel."

It bears repeating that a formal entry of appearance of counsel is not the test for association. According to Lumpkin's affidavits, after the January 30, 2008, deposition referenced above, they "participated in one or two telephone conferences with Don Barrett and other KLG attorneys in which Lumpkin and Reeves was asked to assist in Katrina-related matters" and then "attended a meeting in Jackson, Mississippi with KLG group members, Derek Wyatt and Meg McAllister (no other KLG members were present) to discuss our potential role with regard to these matters and to assess the status of these cases and what time and financial commitments would be required."

All this activity occurred well after the disqualification motions were filed in *Shows* and the instant case. It is not enough to say that they were only aware of "general comments in the legal community and what may have been in newspapers or on television," for by their appearance at a deposition, a trip to Jackson, and telephone conferences, they were aware or should have known of the serious allegations made against the Scruggs Katrina Group.

This Court takes no satisfaction in observing that the concerns and reservations expressed in the broad language used in the original opinion and order are proving to be prescient. The Court is not going to turn what should be straightforward litigation into a continuing and time-consuming exercise of reviewing attorney conduct. There is sufficient involvement with the KLG State Farm Katrina litigation cases to qualify Lumpkin as "other

attorneys associated as counsel for the plaintiffs by these [disqualified] firms."

Accordingly, **IT IS ORDERED**:

Movant Lumpkin and Reeves's [1188] Motion to Clarify this Court's Memorandum Opinion and Order of Disqualification is **DENIED** to the extent that Lumpkin and Reeves and its lawyers seek to be allowed to represent plaintiffs addressed in said opinion and order;

Lumpkin and Reeves, and its lawyers, are included as "any other associated counsel" and as "other attorneys associated as counsel for the plaintiffs by the[] [disqualified] firms" as contemplated by the [1172] opinion and [1173] order; therefore, they may not participate as counsel in the actions affected by said opinion and order.

**SO ORDERED** this the 14th day of May, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE