UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**THOMAS C. and PAMELA McINTOSH**                                              **PLAINTIFFS**


**V.**                                         **CIVIL ACTION NO.1:06CV1080 LTS-RHW**


**STATE FARM FIRE and CASUALTY COMPANY, and**
**FORENSIC ANALYSIS & ENGINEERING CO., and**
**E. A. RENFROE & COMPANY, INC.**                                              **DEFENDANTS**


MEMORANDUM OPINION
OVERRULING OBJECTIONS
TO UNITED STATES MAGISTRATE JUDGE'S
ORDER CONCERNING DISCOVERY

The Court has before it the objections [1201] of Richard F. Scruggs and D. Zachary Scruggs (the Scruggses) to portions of the order of the United States Magistrate Judge entered in this action on May 15, 2008.  The order has been stayed pending a ruling on these objections.

The Scruggses have been ordered to appear for a deposition and to produce documents given to them by Cori and Kerri Rigsby (the Rigsby sisters).  The magistrate judge found the Scruggses have discoverable knowledge; that they came into possession of these documents before they became counsel for the McIntoshes; and that the Scruggses "blanket assertions of privilege" was insufficient to insulate these documents from discovery or to insulate the Scruggses from giving testimony concerning the documents and their contact with the Rigsby sisters.  Accordingly, the magistrate judge denied the plaintiffs' motion [1051] to quash the deposition subpoenas or for a protective order.  I see no error or abuse of discretion in this portion of the magistrate judge's ruling, and the Scruggses' objection to this portion of the ruling is overruled.

The magistrate judge also denied the Rigsby sisters' motion [1072] to quash a subpoena calling for the production of the State Farm documents they provided to the Scruggses.  The magistrate judge found that these documents were not subject to the broad and unspecific attorney-client privilege the Rigsby sisters asserted.  I see no error or abuse of discretion in this portion of the magistrate judge's ruling, and the Scruggses' objection to this portion of the ruling is overruled.

The Scruggses have the following general objections to the magistrate judge's rulings concerning their testimony and the production of documents:

The Scruggses contend first that their testimony and the documents they have been ordered to produce are not relevant to the remainder of this proceeding since the Rigsby sisters have been excluded as potential witnesses and many of the documents have also been excluded from evidence. Yet the disqualification of the Rigsby sisters as witnesses and the exclusion of these documents from evidence does not make any of the material the magistrate judge ordered the Scruggses to produce undiscoverable. Nor does the Scruggses' withdrawal as counsel for the plaintiffs make them immune from giving testimony about these documents.

The Scruggses contend that their being ordered to testify and to produce the documents covered by the magistrate judge's order will conflict with various privileges. The assertion of any evidentiary privilege, whether it is attorney-client privilege, work product privilege, or the privilege against self-incrimination, must be made on a question-by-question basis. I agree with the magistrate judge's determination that the claims of privilege asserted as to the documents in question have not been made sufficiently specific nor supported by substantial evidence.

The magistrate judge made specific rulings and the Scruggses made specific objections (other than the objection on grounds of relevancy and privilege discussed above) concerning the following requests for production of documents:

**Request No. 5** was narrowed to a requirement that the Scruggses produce "documents evidencing communications with the media leading up to, including, or in any way related to the [August 2006] *20/20* broadcast, and all documents which the Scruggses provided to the media in connection with that investigation/broadcast."

**Objection**: The Scruggses object on the grounds that "State Farm has made no showing that it has sought the documents from other sources, including ABC News or Joe Rhee, upon whom production of responsive documents would not work a substantial hardship." This objection will be overruled. Except for public records, there is no requirement that any litigant exhaust alternative sources for information in the possession of someone the litigant wishes to depose. Nor is a litigant required to seek discoverable documents from another source before making direct discovery requests of an individual known or reasonably believed to have possession or control of discoverable materials.

**Objection**: The Scruggses assert a Fifth Amendment privilege. This objection will be overruled. The criminal contempt proceeding in the United States District Court for the Northern District of Alabama has been dismissed, and the requested documents do not appear to me to have any bearing on any other criminal proceeding now pending or known to be contemplated. This ruling will also apply to the Scruggses' Fifth Amendment objections to Requests No. 9, No. 10, No. 17, No. 23, and No. 25.

**Request No. 9** for all documents concerning communications between the Scruggses and Brian Ford, the engineer who prepared the October 5, 2005, engineering report for the McIntosh property, was granted.

**Objection**: The Scruggses contend that State Farm should be required to seek these documents from Brian Ford. I disagree. State Farm is free to discover these documents from either the Scruggses, Mr. Ford, or any other person who may be in possession or have control of the requested materials.

**Request No.10** for all documents concerning communications between the Scruggses and "any State Farm employee who worked on any Hurricane Katrina claim," was narrowed to require only the production of "documents concerning communications in any way related to the Rigsbys or the McIntosh claim."

**Objection**: The Scruggses assert that the production of this material will be "unduly burdensome upon the Scruggses." Because the Scruggses have made no showing that the production of these documents would require an inordinate amount of time or effort, this objection will be overruled.

**Request No. 11** for all documents concerning communications between the Scruggses and "any person affiliated with or employed by any media outlet pertaining to or arising out of Hurricane Katrina, including without limitation any documents provided by [the Scruggses]," was narrowed to require only the production of documents concerning such communications that are in any way related to the Rigsbys or to the McIntosh claim.

**Objection**: The Scruggses assert that these materials are "available from other sources who would not face the same undue burden in responding as the Scruggses." The Scruggses offer no evidence to support this contention, and this objection will be overruled.

**Request No. 17** for all documents represented to the Scruggses to have been "taken from, removed from, copied from, forwarded from, or downloaded from, directly or indirectly, any State Farm office or State Farm computer system, including, without limitation emails, pertaining to or arising out of Hurricane Katrina" was narrowed to require only the production of such documents that were not produced by State Farm in discovery in this case.

**Objection**: The Scruggses object to the production of these materials on the grounds that the documents are available from "other sources." This is not a valid objection, as noted above. This objection will be overruled.

**Request No. 23** for the production of documents "picked up or otherwise retrieved by Richard Scruggs from a highly placed source at State Farm on a trip to Bloomington, Illinois, which Richard Scruggs referenced in a March 30, 2006, interview" was granted.

**Objection**: The Scruggses object to the production of these documents on grounds of relevance and Fifth Amendment privilege. These objections are discussed above. These objections will be overruled.

**Request No. 25** for all documents concerning any financial interest the Scruggses have in this or any other State Farm-related Hurricane Katrina matter following their withdrawal as counsel of record was granted.

**Objection**: The Scruggses contend that this information is not relevant, but I agree with the magistrate judge's conclusion that this information may have a bearing on issues of credibility and bias. This objection will be overruled.

The Scruggses also assert that they have not been afforded a fair opportunity to respond to State Farm's latest statement concerning these materials, specifically a letter of May 30, 2008. The record belies this contention. The letter in question did no more than narrow and make more specific the documents being requested, abandoning sixteen of twenty-five original document requests. My review of the record in this case discloses that the Scruggses have been afforded ample opportunity to make known their objections to all of the testimony and materials covered by the magistrate judge's order.

I see no error or abuse of discretion in any of the rulings the magistrate judge has made. Indeed the magistrate judge's rulings are, in my view, reasonable, balanced, and consistent with the rules of discovery. The magistrate judge's rulings are not, in my view, clearly erroneous nor contrary to law.

The Scruggses' objections will be overruled, and the order of the magistrate judge will, in all respects, be affirmed. An appropriate order will be entered.

**DECIDED** this 17th day of June, 2008.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE